IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | 8:25CR210 |
| Plaintiff, | SUPERSEDING INDICTMENT |
| vs. | 18 U.S.C. § 1343 |
| TAMARA L. RICCERI-WOLF, | 18 U.S.C. § 981(a)(1)(C) |
| | 28 U.S.C. § 2461(c) |
| Defendant. | 21 U.S.C. § 853(p) |

The Grand Jury charges that

**INTRODUCTION**

At all times material to this Information:

1. Victim Company is a business located in Omaha, Nebraska, engaged in the business of cold storage construction. Victim Company is owned by Individual Victim 1. Individual Victim 1 resides in the District of Nebraska.

2. Defendant, TAMARA L. RICCERI-WOLF (hereinafter "WOLF"), resided in Omaha, Nebraska, and was employed by Victim Company as the Financial Manager. While employed by Victim Company, WOLF had access to Victim Company's financial information and bank accounts. WOLF also had the ability to issue payments made by Victim Company.

**WIRE FRAUD**

3. Beginning in 2019 and continuing through at least 2022, WOLF devised a scheme to defraud and intended to devise a scheme to defraud Victim Company and Individual Victim 1, and to obtain money and property by means of materially false and fraudulent pretenses, representations and promises (the "Scheme").

1

4. In furtherance of the Scheme, on about March 28, 2019, WOLF opened an American Express credit card (Account xxxx005) in the name of Individual Victim 1 without Individual Victim 1's knowledge or authorization.

5, In furtherance of the Scheme, on or about March 28, 2019, WOLF opened an American Express credit card (Account xxxx015) in her own name.

6. In furtherance of the Scheme, in or about January 2021, WOLF obtained a replacement American Express credit card (Account xxxx003) in the name of Individual Victim 1 without Individual Victim 1's knowledge or authorization.

7. In furtherance of the Scheme, after opening American Express credit card Account xxxx005, Account xxxx015, and Account xxxx003, WOLF made personal purchases using the American Express credit cards for her own benefit and without authorization of Individual Victim 1 or Victim Company. WOLF would use her position as a Financial Manager for Victim Company to make payments from Victim Company's bank accounts on balances associated with the American Express credit cards opened in the name of Individual Victim 1 and WOLF.

8. In furtherance of the Scheme, WOLF caused to be made approximately 106 unauthorized payments from Victim Company's bank account to American Express totaling at least $538,428.26. These payments were made toward balances associated with American Express credit cards Account xxxx005, Account xxxx015, and Account xxxx003 used by WOLF without authorization or a legitimate business purpose.

9. In furtherance of the Scheme, the unauthorized payments to American Express were obfuscated by WOLF within Victim Company's QuickBooks software in an effort to

avoid detection. WOLF further caused an additional $82,399.10 to be billed by American Express to Individual Victim 1, which balance remains outstanding.

### COUNTS I-V

10. Paragraphs 1-9 of this Indictment are incorporated herein.

11. On or about the dates set forth below, in the District of Nebraska and elsewhere, Defendant TAMARA L. RICCERI-WOLF, for the purpose of executing the scheme described above, caused to be transmitted by means of wire communication in interstate commerce certain writings, signs and signals described below, each said wire transmission constituting a separate count:

| Count | On or About Date(s) | Wire Description |
|---|---|---|
| I | 01/18/2021 - 01/19/2021 | Wire transfer request of $4,563.89, resulting in wire transfer from Victim Company's Great Western Bank, now known as First Interstate Bank, account to American Express Account xxxx005. |
| II | 06/4/2021 | Wire transfer request of $8,965.45, resulting in wire transfer from Victim Company's Great Western Bank, now known as First Interstate Bank, account to American Express Account xxxx003 |
| III | 04/14/2022 | Wire transfer request of $9,756.42, resulting in wire transfer from Victim Company's First Interstate Bank account to American Express Account xxxx003. |
| IV | 11/13/2022 | American Express card ending in xxxx015, linked to American Express Account xxxx003 used for purchases totaling $1,130.93 at Hy-Vee Grocery Store. |
| V | 11/21/2022 - 11/23/2022 | Wire transfer request of $8,969.98, resulting in wire transfer from Victim Company's First Interstate Bank account to American Express Account xxxx003. |

All in violation of Title 18, United States Code, Section 1343.

## CRIMINAL FORFEITURE ALLEGATIONS

1. The allegations contained in Counts I through V of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

2. Upon conviction of the offense in violation of Title 18, United States Code, Section 1343 set forth in Counts I through V of this Indictment, Defendant TAMARA L. RICCERI-WOLF shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 981(a)(1)(C), which constitutes or is derived from proceeds traceable to the offense. The property to be forfeited includes, but is not limited to, the following:

   a. a money judgment in an amount equal to the proceeds obtained as a result of the entire Scheme set forth in Counts I through V.

3. If any of the property described above, as a result of any act or omission of the defendant:

   a. cannot be located upon the exercise of due diligence;

   b. has been transferred or sold to, or deposited with, a third party;

   c. has been placed beyond the jurisdiction of the court;

   d. has been substantially diminished in value; or

   e. has been commingled with other property which cannot be divided without difficulty;

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

All pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

A TRUE BILL.

_____
FOREPERSON

The United States of America requests that trial of this case be held in Omaha, Nebraska, pursuant to the rules of this Court.

_____
DONALD J. KLEINE, #22669
Assistant U.S. Attorney